**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| RODNEY McKINSEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
| v. | ) | No. 1:11-cv-904-TWP-DML |
|  | ) |  |
| GIL PETERS, Superintendent, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# E N T R Y

The petitioner's motion for final ruling (Dkt. No. 9) is granted to the extent that is consistent with the further development of this action. However, nothing in this Entry shall be understood as guaranteeing or even predicting that a decision will be issued on or near the specific date of September 12, 2011, as requested by petitioner.

In a case such as this, the court is obligated to move forward for three reasons: *First,* all litigants deserve a prompt decision consistent with the claims and defenses presented, the nature and extent of factual disputes, and other variables with which counsel are well familiar. *Second,* the responsible management of the court's docket requires that cases be resolved. *Third,* the Supreme Court has emphasized that habeas corpus proceedings are intended to provide "swift, flexible, and summary determination[s]." *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 271 (1978); see also *O'Connor v. United States,* 133 F.3d 548, 551(7th Cir. 1998)(Congress expressed in the [Antiterrorism and Effective Death Penalty Act] a strong preference for swift and conclusive resolution of collateral attacks. A petition should be granted at once if

it is clearly meritorious; keeping a person in prison just because an existing yet unsuccessful challenge is still in the works would be a perversion of justice. A petition should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law. Only the more difficult petitions, whose evaluation requires an evidentiary hearing or a substantial investment of judicial time, should be deferred."); *Post v. Gilmore,* 111 F.3d 556, 557 (7th Cir. 1997) ("Liberty's priority over compensation is why 28 U.S.C. § 1657 specifies that requests for collateral relief go to the head of the queue. . . .").

The Court will make every effort to issue a ruling in a timely fashion. Dkt. 9 is therefore GRANTED to the extent possible and depending upon the developments of this case.

**IT IS SO ORDERED.**

Date: 08/22/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney McKinsey
#870150
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

Linda Sue Leonard
INDIANA OFFICE OF THE ATTORNEY GENERAL
Linda.Leonard@atg.in.gov