**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

RODNEY McKINSEY, )
)
　　　　　Petitioner, )
v. ) No. 1:11-cv-904-TWP-DML
)
GIL PETERS, Superintendent, )
)
　　　　　Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Rodney McKinsey has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. BTF 11-01-0407, McKinsey was found guilty of violating prison rules at the Branchville Correctional Facility, an Indiana prison, by attempting to traffic. The evidence favorable to the decision of the hearing officer as set forth in the conduct report is that:

> At approx. 9:55 am on 10 Jan 11 while shaking down offenders before taking them to eat dinner I Ofc. Beard was doing a pat search on offender McKinsey #870150 and did find in his left sock (2) tobacco plugs wrapped in black tape and (2) tobacco plugs wraped (sic) in black tape in his right sock. Lt. Northner was called and transported McKinsey back to rear sallyport.

Contending that the proceeding was constitutionally infirm, McKinsey seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

AThe best way to conduct analysis under ' 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision.@ *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* McKinsey received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) McKinsey was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Furthermore, McKinsey challenges the sufficiency of the evidence. Such a challenge would necessarily be to the finding of attempting to traffic. Such a challenge fails because the finding of the hearing officer noted that the conduct report and the

evidence supported the charge of attempting to traffic. As defined by the applicable prison code, "attempting" is defined as "[a]ttempting . . . to commit any Class A offense" and "trafficking" is defined as, "[e]ngaging in trafficking (as defined in IC 35-44-3-9) with someone who is not an offender residing in the same facility." The evidence the hearing officer considered was sufficient in this case. He considered the conduct report, the staff reports, McKinsey's statement and the physical evidence of the 4 tobacco plugs.

From this evidence he concluded that McKinsey attempted to traffic. In finding the evidence constitutionally sufficient under *Hill,* the court does not accord the hearing officer's findings a presumption of correctness, but only examines the record to determine whether the evidence was insufficient as a matter of law. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 88*2 F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

McKinsey's claims are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions

involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McKinsey to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/07/2011

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney McKinsey
DOC #870150
Branchville Correctional Facility
Inmate Mail/Parcels
21390 Old State Road 37
Branchville, IN 47514

Linda Sue Leonard
Indiana Office of the Attorney General
Linda.leonard@atg.in.gov